UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **YONNET RAFAEL VILLARROEL RAMOS,** § § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00092 |
| **KRISTI NOEM,** *et al.*, § § § | |
| Respondents. § | |

# **ORDER**

Pending before the Court is Petitioner Yonnet Rafael Villarroel Ramos's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on January 22, 2026. (Dkt. 1.) Petitioner applied for admission as he was arriving to the United States on or about November 17, 2024. (Dkt. 11, Attach. 1.)[1] Petitioner was apprehended by Customs and Border Protection and issued a Notice to Appear. (*Id.*) Petitioner was then released from immigration custody and paroled into the United States. (Dkt. 11 at 2, Attach. 2.) On January 3, 2026, Petitioner was ordered removed by an Immigration Judge and he filed a timely notice of appeal. (Dkt. 11, Attach. 3; *see also* Dkt. 17.) Petitioner has remained detained at the Webb County Detention Center. (Dkt. 1 at 1.) Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C.

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

1 / 4

§ 1225(b)(2) in violation of his rights under the Due Process Clause of the Fifth Amendment. (*Id.* at 7–8.) He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id.* at 9.)

The Court ordered Respondents to respond to Petitioner's petition on or before January 29, 2026. (Dkt. 4.) On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9. Because of the intervening decision in *Buenrostro-Mendez*, the Court ordered Respondents to file a supplemental response specifically addressing Petitioner's due process claims. (Dkt. 20.) Respondents filed a timely response, and Petitioner submitted a reply to Respondents' supplemental response. (Dkts. 22, 24.)

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Strunin v. Garcia*, 5:26-cv-00106, Dkt. No.27 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would

justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who was paroled out of custody and into the United States and has since established ties through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory redetention of noncitizens who have been granted parole and subsequently established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 11), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5. Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 5, 2026.

Diana Saldaña
United States District Judge